IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GCIU-Employer Retirement Fund, et al., :

    Plaintiffs

    v.

Amerigraph, LLC,

    Defendant

: Case No. 2:06-cv-1072

: Judge Marbley

: Magistrate Judge Abel

:

**ORDER**

This matter is before the Court on Plaintiff's February 11, 2008 motion (doc. 18) for default judgment. For the reasons below, the Court GRANTS Plaintiffs' motion (Doc. 18.)

On December 22, 2006, Plaintiffs GCIU-Employer Retirement Fund ("Fund") and the Board of Trustees of the Employer Retirement Fund ("Board of Trustees") filed a complaint against Defendant Amerigraph, LLC. (Doc. 2.) The Complaint alleges that Graphic Communications International Union Local #62-C and Typographic Printing are parties to a Collective Bargaining Agreement, Local #62-C is an employee organization within the meaning of the Employee Retirement Income Security Act, Typographic Printing is bound by the Fund's Trust Agreement, and that Typographic is obligated to pay monthly contributions to the Fund on behalf of its employees. (*Id.* at p. 2, ¶ 8-11.) In addition, the Complaint

alleges that Amerigraph, LLC purchased Typographic's assets and debts in February 2005. (*Id.* at p. 4, ¶ 20.)

The Complaint pleads three counts for relief. Count One alleges that pursuant to the agreements, Typographic Printing is liable to the Fund for delinquent principal in excess of $6,693.75 plus liquidated damages of 20%, contractual interest of 10% per annum, attorney's fees and court costs, and audit fees incurred to collect on the outstanding contributions. (*Id.* at pp. 4-5.) Count Two alleges that pursuant to the trust agreement Typographic is liable to the Fund for $16,839 in withdrawal liability plus liquidated damages of 20%, contractual interest of 10% per annum, attorney's fees and court costs, and audit fees incurred to collect on the unpaid withdrawal liability. (*Id.* at p. 5.) Count Three alleges that pursuant to the trust agreement, representatives of the Fund have the right to conduct a closing audit of Typographic's books at Typograhic's expense, which includes reasonable auditor's and attorney's fees and other costs incurred by the Fund in obtaining the closing audit. (*Id.* at ¶¶ 30, 32-33.) The Complaint alleges that Amerigraph, LLC is responsible for Typographic Printing's liability. (*Id.* at p. 5, ¶¶ 24 and 28, p. 6, ¶34.)

Defendant Amerigraph filed an answer to Plaintiff's Complaint. (Doc. 7.) The Court subsequently granted its attorneys' motion to withdraw. (Doc. 13.) The Court directed Amerigraph to retain new counsel who will enter an appearance on

2

its behalf within 30 days, otherwise it will be in default. (*Id.*) Defendant hasn't complied with the Court's order.

On December 11, 2007, Plaintiffs filed a motion for default judgment. (Doc. 14.) That motion was denied, without prejudice to refiling, for failure to comply with Rule 55 of the Federal Rules of Civil Procedure. (Doc. 15.) Plaintiffs now move the Court once more for default judgment. (Doc. 18.)

Rule 55 of the Federal Rules of Civil Procedure governs. Rule 55(b) provides that the Court may enter default judgment against a defaulting party. Fed. R. Civ. P.55(b). Rule 55(a) explains that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P.55(a).

Plaintiffs are entitled to default judgment. They have applied for an entry of default. (Doc. 16.) The Clerk of Court has entered default pursuant to Rule 55(a) noting that Amerigraph, LLC has failed to plead or otherwise defend. (Doc. 17.) Indeed, Amerigraph hasn't responded to the Court's order directing it to retain counsel who will enter an appearance within 30 days of the order.

Accordingly, Plaintiffs are entitled to default judgment against Amerigraph, LLC. Plaintiffs are entitled to $6,693.75 in principal for delinquent contributions, plus liquidated damages of 20%, contractual interest of 10% per annum, reasonable

attorney's fees and court costs, and audit fees incurred to collect on the outstanding contributions. Plaintiffs are further entitled to $16,839 in withdrawal liability plus liquidated damages of 20%, contractual interest of 10% per annum, reasonable attorney's fees and court costs, and audit fees incurred to collect on the unpaid withdrawal liability.

s/Algenon L. Marbley<br>
United States District Court Judge